IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1042-D |
| | ) | |
| CITY OF NORMAN, *et al*., | ) | |
| | ) | |
| Defendants | ) | |

**O R D E R**

This matter is before the Court for consideration of Plaintiff's Response to This Court's Show Cause Order [Doc. No. 11]. Plaintiff was directed to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m), for lack of timely service of process. Plaintiff states he elected not to serve Defendants due to the pendency of state-court litigation that may impact this case, and a possibility of settlement.

Rule 4(m) mandates an extension of the time period for service "if the plaintiff shows good cause for the failure" to serve a defendant within 120 days. *See* Fed. R. Civ. P. 4(m). Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court has determined that the term "requires a greater showing than 'excusable neglect.'" *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). The court has also determined that strategic reasons for delaying service are insufficient. *See Kirkland*, 86 F.3d at 176. "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Id.*

In this case, Plaintiff does not explain why the pendency of other litigation or settlement efforts prevented timely service of process. Rather, he apparently made a strategic decision to file

suit but not to attempt service. Accordingly, the Court finds that Plaintiff has not shown good cause for lack service of Defendants.

The question thus becomes whether a permissive extension of time under Rule 4(m) is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). At this point, the Court "may in its discretion either dismiss the case without prejudice or extend the time for service." *Id*. One factor that may weigh against the dismissal of an action is a showing that a refiled action would be time-barred. *See Espinoza*, 52 F.3d at 842; *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). Although Plaintiff does not address this factor, he does acknowledge it, saying he filed this action to prevent the expiration of the limitations period. *See* Pl.'s Resp. [Doc. 11], ¶ 1. Plaintiff also states that, if service is required, he requests 30 days to accomplish it. Because this is Plaintiff's first request for an extension of time, and because it appears a dismissal would raise timeliness concerns, the Court will grant Plaintiff a limited period of additional time for service in order to provide an opportunity to avoid a dismissal.[1]

IT IS THEREFORE ORDERED that the Court grants Plaintiff an additional 21 days from the date of this Order to effect service of process. Plaintiff shall file proof of service within 30 days of this Order, or the Court may order the dismissal of the action as to any unserved defendant.

IT IS SO ORDERED this 14th day of February, 2011.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The original 120-day time period for service expired January 21, 2010. Therefore, granting Plaintiff an additional 30 days would make service due by February 20, 2011.